FILED

**NOT FOR PUBLICATION**

MAR 18 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>DANIEL GRIGGS,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>A. TEICHERT & SON; TEICHERT<br>CONSTRUCTION, INC.,<br><br>        Defendants - Appellees.</td><td>No. 09-15084<br><br>D.C. No. 2:07-cv-01117-JAM-<br>KJM<br><br>MEMORANDUM [*]</td></tr>
</table>

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 28, 2009[**]
San Francisco, California

Before: BEEZER, HALL and T.G. NELSON, Circuit Judges.

Daniel Griggs appeals the district court's grant of summary judgment in

favor of Teichert Construction, Inc. and A. Teichert & Son, Inc. (collectively

"Teichert").  We review the district court's decision not to grant a Federal Rules of

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 6(b) motion for an extension of time for abuse of discretion. Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996). We also review the district court's decision to deny a Federal Rule of Civil Procedure 56(f) motion for additional discovery for abuse of discretion.[1] Qualls ex rel. Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir. 1994). We review a district court's evidentiary rulings for abuse of discretion. United States v. Tran, 568 F.3d 1156, 1162 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's order.

The facts of this case are known to the parties. We do not repeat them.

## I

The district court properly declined to grant Griggs's Rule 6(b) motion for an extension of time. In deciding a Rule 6(b) motion, a court must consider, among other things, the reason for the delay and whether the movant has acted in good faith. In re Veritas Software Corp. Sec. Litig., 496 F.3d 962, 973 (9th Cir.

---

[1] Griggs argues that the standard of review is de novo because the district court failed to address his motions before granting summary judgment. See Qualls, 22 F.3d at 844. Griggs is wrong. The district court addressed Griggs's Rule 6(b) and 56(f) motions in its order granting summary judgment. See Appellant's ER at 4–7. Even within the district court's order, Griggs's motions are addressed first sequentially.

2007).  Griggs does not present any reason why his motion should have been granted, nor does he present any good faith reason for his delay.

## II

The district court also properly denied Griggs's request for additional discovery under Rule 56(f).  The party requesting additional discovery must show that he "diligently pursued [his] *previous* discovery opportunities," Qualls, 22 F.3d at 844, and must identify "specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & County of S.F., 441 F.3d 1090, 1100 (9th Cir. 2006).  Griggs did not diligently pursue his previous discovery opportunities.  He presents no reason why he failed to depose a witness whose identity he was aware of over two years before the close of discovery in his case.  Nor does Griggs explain how the speculation of a fellow employee would defeat summary judgment.

## III

The district court properly granted the objections to Griggs's declarations submitted in opposition to Teichert's motion for summary judgment.  Teichert objected to Griggs's declarations on the grounds that they contained inadmissible hearsay, lacked foundation and were irrelevant.  Griggs's declarations consist solely of textbook hearsay—out of court statements offered for their truth.  See

Fed. R. Evid. 801(c). Griggs points to no exception to the hearsay rule that would apply to his declarations.

**AFFIRMED.**